## SMITH v RINDERKNECHT LUMBER CO

Ohio Appeals, 2nd Dist, Montgomery Co
No 1025.  Decided Mar 6, 1931

F. C. Goodrich and P. N. Sigler, both of Dayton, for Smith.

James & Coolidge and Daniel L. Dwyer, all of Dayton, for Lumber Co.

BY THE COURT:

We have carefully examined the record and reached the conclusion that the verdict in this case is contrary to and against the manifest weight of the evidence. This is especially true as to the finding contained in said verdict as to Lutz being the agent of the Rinderknecht Lumber Company and in the line of his duties for and on behalf of the company. And also as to the negligence of Lutz in the operation of said car. The only remaining question being as to the negligence of Minnie Smith at the time of the accident. We think she is in a better position to recover damages than was the driver of the machine, Frank DeLong. In an examination of the record we find that the trial court charged the plaintiff, Minnie Smith, with the same or at least a similar duty to keep a lookout as it enjoined upon DeLong, the driver of the car. In other words it was held it was her definite legal duty to look for the approach of the vehicle of Lutz and if she saw it or heard its warning it was her duty to warn the driver or to warn him of any other danger. We think this is not correct. Her duty being that of a guest was simply the rule of ordinary care. She was not required as a matter of law to keep a lookout, but the same should be left to the jury to determine whether she was guilty of ordinary care as to a guest in a car approaching the intersection at which the accident occurred. We are clearly of opinion that the verdict and judgment in this case must be reversed and the case remanded to the Court of Common Pleas for new trial.

ALLREAD, PJ, HORNBECK & KUNKLE, JJ, concur.